The opinion of the Court was delivered by
Richardson, J.
There were several other grounds taken at the trial, and contained in the notice for a new trial, but being obviously unten *728 able, were not relied upon in the argument. That a will, like any other ancient instrument of writing, after a lapse of thirty years, and provided some account of its situation, during that time, has been given so as to prevent suspicion of its being antedated, or of any other imposition; that such a *will requires not as full proof to authenticate it as *590] is required in more modern instruments, has been well settled. Phillips, 385. 5 Johnson, 144. 2 Espinasse, Digest, 493. Duncan v. Beard, ante, 400[1]. No particular rule can be laid down for such cases. The will was thirty-three years old, and had been proven before the Ordinary in 1186, which would probably have been sufficient evidence of its being genuine, but the handwriting of the testator and of the witnesses to it was moreover proven, which was abundant testimony, upon which the jury might find the will to be genuine.
The ground, that the defendant had a right to plead in abatement, or to have the benefit of that plea in his defence, is equally untenable. The general issue had been made up, and that too after an order for an interlocutory judgment. The defendant had no right to a plea in addition thereto, unless it went to the merits; a mere dilatory plea could not be filed of right. See a Rule of Court. 1 Const. Rep. XIII.[2]
We come, then, to the only ground truly relied upon in the case, to wit: Was the fee vested in the plaintiffs without any act.on the part of the executors ? The construction must be made upon the following clause of the will, to wit: “ Item, I do hereby authorize and empower and direct my executors, or such of them as do, and shall qualify and take upon him or them the burden and execution of this my will, or the survivors or survivor of them, his executors and administrators, to sell and dispose of all the rest, residue and remainder of my real estate, whether in town or country, and execute and deliver unto the purchaser or purchasers, good and sufficient titles and conveyances in fee simple, and the money arising from such sale, I desire may be applied for and towards the payment and satisfaction of all and singular my just debts and pecuniary legacies, funeral charges, and other uses in this my will expressed and “ I do hereby authorize, empower and direct my executors, hereinafter mentioned, or such of them as do or shall qualify and *Kqn take upon them the burden and execution *of this my will, or the J survivors or survivor of them, his executors and administrators, to part, share, divide, allot, and deliver over unto my children, their part of my said estate, real and personal, pursuant to this my will, and that such division and allotment shall be final and conclusive, and binding on all parties concerned. Item, my will further is, in respect of the rest and surplus of my real estate, and I do hereby authorize and empower my executors, hereinafter named, and the survivors or survivor of them, and the executors and administrators of such survivors or survivor, (anything herein contained before to the contrary notwithstanding,) to part, share and divide the said rest and surplus of my said real estate, equally, share and share alike, among all my sons that may be living at the time of my death, or with which my said wife may be enceinte, if my said executors should be of opinion that it will be more advantageous that my said estate should not be sold, as is hereinbefore by me directed, *729 which division and allotment when so made by my executors, among my sons, I do hereby confirm unto my said sons, and to their and each of their heirs and assigns forever.”
Gist and Boddy, for the motion. ■ MDuffie, contra.
The evidence proved that the plaintiffs, or some of them, were the heirs of the testator, which would be enough to vest the fee in them, unless by the will he had devised it to another. To that, the true question is, did the fee vest in the executors, or do the words of the will require some act to be done by the executors, before the fee can vest in the plaintiffs ? I am of opinion that, under the words of the will, as well as by operation of law, the fee vested in the plaintiffs. This is obviously the intention.
The end in view was : 1st. To give to the executors the power of selling the land for the benefit of the devisees. This is no more than a power of attorney to sell, and has never been construed to convey any estate to the’executors. 1 Bac. 318. They are simply attorneys for such purpose, and have no other power than what is plainly expressed. Their powers *are to be construed strictly. 2d. The executors to have power to divide the residue of lands, (their allotment to be con-elusive among the sons, &c.) This is no more than a modification of the power to sell. It is to be strictly construed, and to be extended only to the end in view, i. e., to divide. They are made umpires to divide, and may or may not exercise their power. In the meantime the joint and several rights of the heirs or devisees attached, subject only to the partition or allotment which the executors may make, but which they may never make.
The error in the defendant's argument was in the assimilating of this case to those in which an estate is given to trustees, to be disposed of either at discretion, or limited in a certain way expressed, as in 3 Yesey, jr., to A, to dispose of as he thinks proper, gives a fee. See 11 Bast, also, 288. 9 Johnson, 104. 2 Bonb. 53, 93. Coke, 335. 1 Roberts on Wills, 449, &c. In all these cases an estate is given ; but in the one before us, only a power to act for others ; the words are, “ I authorize, empower, and direct, my executors to allot, divide, &e., if not more' advantageous to sell,” &c., which are the very words used in the former clause, giving the power to sell, i. e., “I authorize, empower, and direct, &c., to sell,” &c. The different powers given are evidently uncoupled with a conveyance of any estate. To sell, or divide, requires no interest in the attorney or commissioner appointed for such purpose ; and in the case before us, the executors are as attorneys or commissioners for such purpose.
The motion is refused.
Nott, Gantt, and Johnson, JJ., concurred.

 Ante, 407 ; 2 McC. 532.

 Rule 2d.